USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STARLIN NUNEZ,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

21-CV-9755 (VEC)

17-CR-0438-1 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Movant, who is currently held in the Westchester County Jail, brings this *pro se* action using the court's form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the legality of his conviction and sentence entered in *United States v. Nunez*, No. 17-CR-0438-1 (VEC) (S.D.N.Y. Mar. 25, 2019). For the following reasons, the Court designates the application as a motion under 28 U.S.C. § 2255 and grants Movant sixty days to withdraw the application, if he does not wish to pursue relief under Section 2255, or in the alternative, directs Movant to show cause, by filing a declaration within sixty days of the date of this order, why this application under Section 2255 should not be denied as time-barred.

## BACKGROUND

Movant pleaded guilty to one count of racketeering conspiracy and, by judgment of conviction dated March 25, 2019, the Court sentenced him to 108 months' imprisonment followed by three years' supervised release. *United States v. Nunez*, ECF 1:17-CR-0438-1, 517 (S.D.N.Y. Mar. 25, 2019). Movant did not file an appeal.

On October 25, 2021, Movant submitted this application using the court's form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. In his application, Movant asserts claims of ineffective assistance of counsel and seeks to vacate his sentence and conviction.

## DISCUSSION

**A.    Designation of Application as Motion Under 28 U.S.C. § 2255**

Movant's application must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to vacate his conviction and sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."). If Movant does not want to pursue relief under Section 2255, he may notify the Court in writing within sixty days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Movant will have one opportunity within the limitations period to bring a Section 2255 motion. If Movant does not inform the Court of his intent within sixty days, the application will remain designated as a motion under 28 U.S.C. § 2255.

**B.    Applicable Statute of Limitations**

In addition, Movant's application may be time-barred. A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Movant placed this application in the prison mail collection box on October 29, 2021, more than two years and six months after his conviction became final.

Movant is directed to show cause within sixty days why this application should not be denied as time-barred. Movant should allege any facts that show that he has been pursuing his

rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

## CONCLUSION

Movant's application is construed as a Motion under 28 U.S.C. § 2255. No later than **January 28, 2022**, Movant must either notify the Court in writing if he wishes to withdraw the motion, or, if Movant chooses not to withdraw his motion, file a declaration showing cause why the motion should not be dismissed as time-barred. For Movant's convenience, a declaration form is attached to this order. If Movant files a declaration within the time allowed, the Court will review it, and if proper, order that the motion be served on Respondent. If Movant fails to comply with this order, and cannot show good cause to excuse such failure, the motion will be denied as time-barred. No answer will be required at this time.

Because Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Nunez at Starlin Nunez, P-258314, W.C.D.O.C., P.O. Box 10, Valhalla, NY 10595.

**SO ORDERED.**

Date: November 29, 2021  
New York, New York

**VALERIE CAPRONI**  
**United States District Judge**